UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LIONEL GIBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02169-SEB-TAB |
| ) | |
| ANGIE PRICE, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Lionel Gibson, an inmate at the New Castle Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Motion to Proceed *in Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis*, dkt. [2], is **granted** to the extent that the plaintiff is assessed an initial partial filing fee of Four Dollars ($4.00). *See* 28 U.S.C. § 1915(b)(1). The plaintiff shall have **through September 25, 2020**, in which to pay this sum to the clerk of the district court.

The plaintiff is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to the plaintiff and the plaintiff's custodian, and the Court will screen the complaint in accordance with 28 U.S.C. § 1915A.

## II. Screening

A. *Screening Standard*

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

B. *Discussion*

Mr. Gibson sues correctional officer Angie Price, The GEO Group, and attorney Adam Forrest. He contends that on January 11, 2016, he was assaulted by other inmates at New Castle Correctional Facility ("NCCF"). Ms. Price wrote false disciplinary charges against him, which were later dismissed. Mr. Gibson also filed lawsuits alleging excessive force, failure to protect, denial of access to the courts, and due process violations. In this court, Mr. Gibson filed *Gibson v. GEO et al.*, 1:17-cv-92-TWP-DML. In state court, he was the plaintiff in *Gibson v. GEO*, No. 33C02-1611-CT-000050. In each of those cases, Ms. Price filed an affidavit stating that no video of the incident at issue existed. In addition, Mr. Forrest visited Mr. Gibson to discuss settling those cases and Mr. Gibson agreed to settle the cases. Mr. Gibson contends that he agreed to settle the

cases in part because there was no video of the incident. Mr. Gibson goes on to assert that he was later told by a correctional officer that the video still exists.

Mr. Gibson contends that each of the defendants has committed perjury, obstructed justice, and violated his Fourteenth Amendment rights. For relief, Mr. Gibson seeks compensatory and punitive damages and asks that the cases at issue be reopened.

Based on the screening standard set forth above, Mr. Gibson's complaint must be dismissed. While Mr. Gibson asserts that the defendants violated his due process rights by submitting false testimony in his federal and state cases and failing to produce the video, "perjury violates due process only if it is material to a finding of guilt or innocence." *Simpson v. Suliene*, 2008 WL 5377921, at *4 (W.D. Wis. Dec. 24, 2008) (citing *Giglio v. United States*, 450 U.S. 150 (1972); *Napue v. People*, 360 U.S. 264, 269 (1959)). Thus, perjury in the course of civil litigation, while illegal, does not violate the Fourteenth Amendment. Mr. Gibson thus has not stated a federal claim in his complaint. Mr. Gibson's other claims, including negligence and "Indiana tort law," are based on state law. Because Mr. Gibson's federal claims fail to state a claim upon which relief may be granted, the plaintiff may not rely on the court's supplemental jurisdiction to entertain his state-law claims. *See* 42 U.S.C. § 1367(c)(3). Finally, to the extent that Mr. Gibson asks the Court to re-open closed cases, he should file such request in those closed cases.

### III. Conclusion

As discussed above, Mr. Gibson's motion to proceed *in forma pauperis*, dkt. [2], is **granted.** He shall have **through September 25, 2020**, to pay an initial partial filing fee of $4.00.

Mr. Gibson's complaint is dismissed. He shall have **through September 25, 2020**, to show cause why judgment dismissing his due process claims for failure to state a claim upon which relief can be granted and dismissing his state law claims for lack of jurisdiction should not issue.

Consistent with the dismissal of the complaint Mr. Gibson's motion for preliminary injunction, dkt. [3], is **denied without prejudice.**

IT IS SO ORDERED.

Date: 8/24/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LIONEL GIBSON
104608
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362